# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-400V
**Filed: November 12, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| MERIT ADAMS, as Personal | * | |
| Representative of the Estate | * | |
| GWENDOLYN D. ADAMS, | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Joint Stipulation on Damages; |
| SECRETARY OF HEALTH | * | Trivalent Influenza (Flu) vaccine; |
| AND HUMAN SERVICES, | * | Respiratory Distress; Bronchial, |
| | * | Esophageal, and Intestinal problems. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Anne Carrion Toale, Maglio Christopher & Toale, Sarasota, FL, for petitioner.
Voris Edward Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On June 14, 2013, Merit Adams ("petitioner"), as the personal representative of the estate of Gwendolyn D. Adams ("Ms. Adams") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that the trivalent influenza ("flu") vaccination that Ms. Adams received on October 12, 2011, caused her to suffer injuries which resulted in her death on October 14, 2011.  See Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On November 12, 2014, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that Ms. Adams suffered any injury as a result of the flu vaccine administered to her on October 12, 2011, and denies that Ms. Adams death was a sequelae of her alleged vaccine-related injuries.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $175,000.00, in the form of a check payable to petitioner as Personal Representative of the Estate of Gwendolyn D. Adams**. This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.